# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| LIEBMAN, HOWARD B. | § | Case No. 14-17400 |
| LIEBMAN, DONNA M. | § | |
| | § | |
| | § | |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/08/2014. The undersigned trustee was appointed on 05/08/2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $     75,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 744.93 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]    $ | 74,255.07 |

   The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

   5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6. The deadline for filing non-governmental claims in this case was  08/20/2015  and the deadline for filing governmental claims was  08/20/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7. The Trustee's proposed distribution is attached as **Exhibit D**.

   8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 7,000.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

   The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 7,000.00 , for a total compensation of $ 7,000.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 8.73 , for total expenses of $ 8.73 [2].

   Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/11/2017    By:/s/JOSEPH E. COHEN
            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 14-17400 ABG Judge: A. BENJAMIN GOLDGAR | Trustee Name: | JOSEPH E. COHEN |
|---|---|---|---|
| Case Name: | LIEBMAN, HOWARD B. | Date Filed (f) or Converted (c): | 05/08/14 (f) |
| | LIEBMAN, DONNA M. | 341(a) Meeting Date: | 06/06/14 |
| For Period Ending: | 01/11/17 | Claims Bar Date: | 08/20/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home 314 Rivershire Court Lincolnshi | 450,000.00 | 0.00 | OA | 0.00 | FA |
| 2. Single Family Home 2540 Xavier Street Denver, CO 8 | 270,000.00 | 0.00 | | 75,000.00 | FA |
| 3. Financial Accounts Checking Account MB Financial Bank | 100.00 | 0.00 | | 0.00 | FA |
| 4. Financial Accounts Savings Account US Bank | 50.00 | 0.00 | | 0.00 | FA |
| 5. Household Goods TV & Furniture | 2,000.00 | 0.00 | | 0.00 | FA |
| 6. Books / Collectibles Antiques and Valuable Collections | 500.00 | 0.00 | | 0.00 | FA |
| 7. Wearing Apparel Normal Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 8. Insurance Policies Term Life Insurance Policies Death Benefit Only | 0.00 | 0.00 | | 0.00 | FA |
| 9. Stock Interest in Business | 0.00 | 0.00 | | 0.00 | FA |
| 10. Vehicles 2012 Lincoln MKZ Lincoln Financial Lease Auto To Be Surrenderdd | 16,100.00 | 0.00 | | 0.00 | FA |
| 11. Vehicles 2002 Nissan Altima | 2,475.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $741,725.00 | $0.00 | | $75,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

LFORM1  UST Form 101-7-TFR (5/1/2011) *(Page: 3)*  Ver: 19.06c

Case 14-17400 Doc 42 Filed 01/18/17 Entered 01/18/17 15:41:14 Desc Main
Document Page 4 of 10

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 14-17400 ABG Judge: A. BENJAMIN GOLDGAR | Trustee Name: | JOSEPH E. COHEN |
| Case Name: | LIEBMAN, HOWARD B. | Date Filed (f) or Converted (c): | 05/08/14 (f) |
| | LIEBMAN, DONNA M. | 341(a) Meeting Date: | 06/06/14 |
| | | Claims Bar Date: | 08/20/15 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TRUSTEE FILED MOTION TO DETERMINE VALUE OF CLAIM #5 AND ABANDON
REAL ESTATE; MOTIONS SET FOR 1/6/17; TFR TO FOLLOW December 22, 2016, 12:51 pm
FUNDS RECEIVED; TRUSTEE TO REVIEW CLAIMS AND PREPARE TFR - July 20, 2016
TRUSTEE PREPARED MOTION TO SELL PROPERTY IN COLORADO - April 6, 2016, 03:05 pm
TRUSTEE NEGOTIATING WITH DEBTOR TO PURCHASE COLORADO PROPERTY - 01/20/16. DEBTOR WANTS TO MAKE OFFER TO KEEP PROPERTY IN
COLORADO - Oct. 15, 2015. TRUSTEE HAS CONTACTED BROKER WHO IS APPRAISING THE PROPERTY - July 30, 2015. TRUSTEE IS
INVESTIGATING VALUE OF COLORADO RESIDENCE - April 30, 2015. TRUSTEE TO FILE MOTION FOR TURNOVER OF REFUND - Jan. 18,
2015. TRUSTEE HAS REQUESTED CLOSING STATEMENT FOR SALE OF PROPERTY AND COPY OF 2013 TAX RETURN - June 26, 2014.
INVESTIGATION CONTINUES - Oct. 25, 2014.

Initial Projected Date of Final Report (TFR): 06/30/16     Current Projected Date of Final Report (TFR): 06/30/17

**FORM 2**

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 14-17400 -ABG | Trustee Name: | JOSEPH E. COHEN |
|---|---|---|---|
| Case Name: | LIEBMAN, HOWARD B. | Bank Name: | ASSOCIATED BANK |
|  | LIEBMAN, DONNA M. | Account Number / CD #: | *******6462 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******3885 |  |  |
| For Period Ending: | 01/11/17 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|  |  |  | BALANCE FORWARD |  |  |  | 0.00 |
| 06/07/16 | 2 | Howard Liebman | SAle of Inerest in Real Property | 1110-000 | 75,000.00 |  | 75,000.00 |
| 07/08/16 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 86.30 | 74,913.70 |
| 08/05/16 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 111.37 | 74,802.33 |
| 09/08/16 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 111.20 | 74,691.13 |
| 10/07/16 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 107.47 | 74,583.66 |
| 11/07/16 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 110.88 | 74,472.78 |
| 12/07/16 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 107.15 | 74,365.63 |
| 01/09/17 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 110.56 | 74,255.07 |

|  | COLUMN TOTALS | 75,000.00 | 744.93 | 74,255.07 |
|---|---|---|---|---|
|  | Less: Bank Transfers/CD's | 0.00 | 0.00 |  |
|  | Subtotal | 75,000.00 | 744.93 |  |
|  | Less: Payments to Debtors |  | 0.00 |  |
|  | Net | 75,000.00 | 744.93 |  |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********6462 | 75,000.00 | 744.93 | 74,255.07 |
|  | ----------------------- | ----------------------- | ----------------------- |
|  | 75,000.00 | 744.93 | 74,255.07 |
|  | ============ | ============ | ============ |
|  | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   75,000.00   744.93

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: January 11, 2017 |
|---|---|---|---|---|---|---|

Case Number: 14-17400  
Debtor Name: LIEBMAN, HOWARD B.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---:|---:|---:|
| ADMIN 1<br>001<br>2100-00 | JOSEPH E. COHEN, Trustee<br>105 W. Madison, Ste 1100<br>Chicago, IL 60602 | Administrative | | $7,008.73 | $0.00 | $7,008.73 |
| ADMIN 2<br>001<br>3110-00 | COHEN & KROL, Attorneys<br>105 West Madison Street<br>Chicago, IL 60602 | Administrative | | $5,210.39 | $0.00 | $5,210.39 |
| 000005<br>050<br>4120-00 | Rivershire Homeowner Association II<br>C/o MK Asset Management, LLC<br>One Rivershire Lane<br>Lincolnshire, Illinois 60069 | Secured | PER ORDER OF 1/6/17; CLAIM VALUE IS ZERO | $0.00 | $0.00 | $0.00 |
| 000001A<br>040<br>5800-00 | IRS<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Priority | | $17,368.79 | $0.00 | $17,368.79 |
| 000004A<br>040<br>5800-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL 60664-0338 | Priority | | $2,591.48 | $0.00 | $2,591.48 |
| 000001<br>070<br>7100-00 | IRS<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Unsecured | | $3,216.98 | $0.00 | $3,216.98 |
| 000002<br>070<br>7100-00 | BMO Harris Bank, NA<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $20,386.43 | $0.00 | $20,386.43 |
| 000003<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as<br>assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $31,767.59 | $0.00 | $31,767.59 |
| 000004<br>070<br>7100-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL 60664-0338 | Unsecured | | $386.30 | $0.00 | $386.30 |
| 000006<br>070<br>7100-00 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $24,352.70 | $0.00 | $24,352.70 |

Page 2

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: January 11, 2017

Case Number: 14-17400
Debtor Name: LIEBMAN, HOWARD B.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000007 070 7100-00 | American Express Centurion Bank c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $19,550.91 | $0.00 | $19,550.91 |
| | Case Totals: | | | $131,840.30 | $0.00 | $131,840.30 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-17400
Case Name: LIEBMAN, HOWARD B.
    LIEBMAN, DONNA M.
Trustee Name: JOSEPH E. COHEN

Balance on hand $ 74,255.07

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000005 | Rivershire Homeowner Association II | $ 7,218.00 | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to secured creditors $ 0.00

Remaining Balance $ 74,255.07

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH E. COHEN | $ 7,000.00 | $ 0.00 | $ 7,000.00 |
| Trustee Expenses: JOSEPH E. COHEN | $ 8.73 | $ 0.00 | $ 8.73 |
| Attorney for Trustee Fees: COHEN & KROL, Attorneys | $ 5,087.75 | $ 0.00 | $ 5,087.75 |
| Attorney for Trustee Expenses: COHEN & KROL, Attorneys | $ 122.64 | $ 0.00 | $ 122.64 |

Total to be paid for chapter 7 administrative expenses $ 12,219.12

Remaining Balance $ 62,035.95

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 19,960.27  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001A | IRS | $ 17,368.79 | $ 0.00 | $ 17,368.79 |
| 000004A | Illinois Department of Revenue | $ 2,591.48 | $ 0.00 | $ 2,591.48 |
| | Total to be paid to priority creditors | | | $ 19,960.27 |
| | Remaining Balance | | | $ 42,075.68 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 99,660.91  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  42.2  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | BMO Harris Bank, NA | $ 20,386.43 | $ 0.00 | $ 8,606.91 |
| 000003 | PYOD, LLC its successors and assigns as | $ 31,767.59 | $ 0.00 | $ 13,411.91 |
| 000006 | American Express Centurion Bank | $ 24,352.70 | $ 0.00 | $ 10,281.43 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000007 | American Express Centurion Bank | $ 19,550.91 | $ 0.00 | $ 8,254.17 |
| 000001 | IRS | $ 3,216.98 | $ 0.00 | $ 1,358.17 |
| 000004 | Illinois Department of Revenue | $ 386.30 | $ 0.00 | $ 163.09 |

Total to be paid to timely general unsecured creditors      $       42,075.68

Remaining Balance                                           $            0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE